OPINION
{¶ 1} This is an appeal of a judgment of the Lake County Court of Common Pleas, Probate Division, denying the motion of appellants, RaeAnn Michelle Willoughby ("RaeAnn"), Stephanie Frances Willoughby ("Stephanie"), and Lillian Josephine Willoughby ("Lillian"), to change their surname from Willoughby to Zalar, their mother's maiden name.
 {¶ 2} Appellee, Raymond Willoughby, and appellants' mother, Anne F. Zalar, divorced in 1993, after eighteen years of marriage. Three children were born as issue of this marriage, to wit: RaeAnn, born June 1, 1984, Stephanie, born November 22, 1998, and Lillian, born October 1, 1990.
 {¶ 3} On September 5, 2001, appellants, by and through their mother, filed an application for name change. RaeAnn paid the cost of filing the application.
 {¶ 4} On October 19, 2001, a hearing was held on appellants' request to change their surname. At the hearing, appellants and their parents testified. After taking the matter under consideration, the trial court denied the request for name change. From this judgment, appellants raise the following assignment of error:
 {¶ 5} "The trial court committed error in not granting the petitioners[']-appellants['] * * * request for a name change."
 {¶ 6} In their sole assignment of error, appellants argue that the trial court misinterpreted and failed to properly consider the statements and opinions of appellants and their mother. Upon review of the trial court's judgment entry, we agree.
 {¶ 7} "When deciding whether to permit a name change for a minor child pursuant to R.C. 2717.01(A), the trial court must consider the best interest of the child in determining whether reasonable and proper cause has been established." In re Willhite (1999), 85 Ohio St.3d 28, at paragraph one of the syllabus. The Supreme Court of Ohio stated that "[i]n determining a change of a minor's surname is in the best interest of the child, the court should consider the following factors: the effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as a part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent; the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest." Id., at paragraph two of the syllabus, following Bobo v. Jewell (1988) 38 Ohio St. 330, paragraph two of the syllabus and In re Change of Name of Andrews (1990), 235 Neb. 170.
 {¶ 8} "An appellate court may only reverse a trial court's decision regarding a name change application if the trial court abused its discretion." In re Name Change of Juntunen to Wagner (July 27, 2001), 11th. Dist. No. 2000-T-0102, 2001 Ohio App. LEXIS 3353, at *5. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} The trial court, in making its decision, noted that when determining whether a change of surname was in a child's best interest, it should consider the Willhite factors. However, although the court listed the Willhite factors, it is not clear that the court considered the Willhite factors when making its decision. Instead, it appears that the trial court improperly relied on the standard set forth in In reNewcomb (1984), 15 Ohio App.3d 107, wherein the court held that "when the father is and has been supporting the child, manifests an abiding interest in the child, is not infamous, has exercised visitation privileges and has promptly objected to the change of name, in the absence of a special and overwhelming reason * * * there does not exist reasonable and proper cause for changing the name of a minor." Id., at 110-111.
 {¶ 10} The Supreme Court of Ohio has held that "[t]he courts' reliance on the Newcomb standard is too narrowly focused on the father in determining the best interest of the child. Willhite, supra, at 31. Therefore, when determining whether a name change is in the best interest of the minor child the trial court must consider the Willhite factors. Id at paragraphs one and two of the syllabus.
 {¶ 11} The trial court's failure to consider the Willhite factors in addition to the traditional factors set out in Newcomb constituted an abuse of discretion. Based on the foregoing, the judgment of the Lake County Court of Common Pleas, Probate Division, is reversed and the case remanded for the court to apply the applicable Willhite factors.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.